UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN COFIELL<br>Complainant<br><br>v.<br><br>HANWHA AEROSPACE USA LLC<br>Respondent | : | CASE NO. 3:25-cv-00460<br><br><br><br><br>APRIL 28, 2025 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Hanwha Aerospace USA LLC ("Defendant"), by and through its attorneys, Jackson Lewis, P.C., submits its Answer and Affirmative Defenses in response to Plaintiff's Complaint dated February 13, 2025 as follows.

1. As to the allegations of Paragraph 1, Plaintiff is left to his proof.

2. Defendant admits that it is a limited liability company organized under the laws of Wisconsin with a principal business address of 5 McKee Place, Cheshire, Connecticut 06410.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant admits that it employs one or more individuals. Defendant cannot respond to the remaining allegations of Paragraph 4 due to an apparent typographical error. To the extent a response is required, all remaining allegations are denied.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant admits that Plaintiff was hired as a Maintenance Mechanic C at Defendant's Newington, CT facility.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant admits the allegations of Paragraph 9.

10. Defendant admits that Mr. Cortright occupies the position of Maintenance Supervisor.

11. Defendant admits the allegations of Paragraph 11.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits that Ms. Vigeant made a report concerning the conduct of two coworkers. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant admits that Mr. Cortright notified upper management regarding Ms. Vigeant's report, and that Human Resources investigated the mater. Defendant denies any remaining allegations purported by Paragraph 14.

15. Defendant admits that it terminated Plaintiff's employment on or about July 27, 2023.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant admits that Plaintiff's job duties may have required him to leave the premises to obtain supplies from time to time, provided that he obtained pre-approval from his on-duty supervisor.

18. As to the allegations of Paragraph 18, Plaintiff is left to his proof.

19. As to the allegations of Paragraph 19, Plaintiff is left to his proof.

20. As to the allegations of Paragraph 20, Plaintiff is left to his proof.

21. Defendant admits the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant admits the allegations of Paragraph 23.

24. Defendant admits that it maintains an employee handbook, the contents of which speak for itself.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant admits the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. As to the allegations of Paragraph 29, Plaintiff is left to his proof.

30. As to the allegations of Paragraph 30, Plaintiff is left to his proof.

**FIRST COUNT**
**(Retaliation in Violation of C.G.S. §46a-60-(b)(4))**

1. Plaintiff repeats the allegations of Paragraph 1 through 30 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through 30 are unchanged.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

**PRAYER FOR RELIEF**

Defendant denies the Plaintiff is entitled to judgment or the relief sought in the prayer for relief. Defendant denies the statements and allegations contained therein. Any allegation not specifically addressed herein is denied.

## AFFIRMATIVE DEFENSES[1]

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**SECOND DEFENSE**

All actions taken by Defendant with respect to Plaintiff's employment were undertaken in good faith and for legitimate business reasons and did not violate any right(s) that may be secured to Plaintiff under any federal, state or local laws, rules, regulations, guidelines or common law.

**THIRD DEFENSE**

Plaintiff did not suffer any damages legally attributable to any action by Defendant.

**FOURTH DEFENSE**

Plaintiff fails to state a claim in whole or in part upon which compensatory, punitive, attorney's fees, costs and/or any other damages may be awarded.

**FIFTH DEFENSE**

Even if Plaintiff suffered damages legally attributable to any action by Defendant, which he did not, Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages, including by using reasonable diligence to seek and obtain comparable employment elsewhere.

**SIXTH DEFENSE**

To the extent Defendant discovers subsequent to Plaintiff's termination of employment that Plaintiff engaged in conduct which would have warranted his discharge under

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to any such matter.

Defendant's policy or practice, any right of Plaintiff to recover damages beyond such date of discovery is cut off.

**SEVENTH DEFENSE**

Without conceding any wrongdoing or liability, even if Plaintiff's alleged protected class or alleged protected activity was a factor in any adverse employment decision affecting Plaintiff, which it was not, Plaintiff's claims for damages are barred in whole or in part because Defendant would have made the same decision irrespective of Plaintiff's protected class.

**EIGHTH DEFENSE**

Although Defendant denies that any actionable conduct occurred, Defendant asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Plaintiff unreasonably failed to take advantage of any preventive and/or corrective opportunities offered by Defendant.

**NINTH DEFENSE**

To the extent Plaintiff complained to Defendant about alleged harassment and/or misconduct, Defendant took immediate and adequate steps to investigate Plaintiff's allegations.

**TENTH DEFENSE**

Plaintiff cannot demonstrate any severe and/or pervasive conduct that altered the conditions of his employment.

* * *

Defendant reserves the right to amend its Answer, to add additional or other Affirmative Defenses, delete or withdraw Affirmative Defenses, and to add others as they may become necessary after reasonable opportunity for discovery.

**DEFENDANT,**
**HANWHA AEROSPACE USA LLC**

By: */s/ James F. Shea*

James F. Shea (ct16750)
james.shea@jacksonlewis.com
Joseph W. Fazzino (ct30878)
joseph.fazzino@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

I hereby certify that on April 28, 2025 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system. Parties may access this filing through the Court's system.

*/s/ Joseph W. Fazzino*
Joseph W. Fazzino